UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

     Defendants.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**ORDER DENYING WITHOUT PREJUDICE AS PREMATURE
GOVERNMENT'S MOTION TO EXCLUDE ANY ARGUMENT OR REFERENCE TO
THE UNITED STATES' DECISION NOT TO CHARGE POSSIBLE CO-
CONSPIRATORS [125]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on the government's motion to exclude any argument or reference to its decision not to charge possible co-conspirators [125]. For the reasons stated below, the government's motion is DENIED WITHOUT PREJUDICE as premature.

**I.     Analysis**

The government first clarifies that its motion addresses only those persons who <u>will not</u> be called as government witnesses at trial. It concedes that it is appropriate for Defendants to cross-examine government witnesses who will testify at trial pursuant to immunity agreements. Rather, the government's motion seeks to address any attempt by defense counsel to argue or elicit testimony through cross examination that is irrelevant, i.e., any evidence of, or reference to, the fact that other persons could have but were not charged with the conspiracy described in Count 1 of the Indictment. The government

argues that the injection of this issue as it relates to non-testifying persons is irrelevant, i.e.,

whether a person or persons, other than Defendants, have or have not been charged has

no bearing on whether any of the charged Defendants are guilty of the conspiracy charged

in Count 1.  Thus, any attempts to inject this issue into the trial, the government argues,

should be precluded under Fed. R. Evid. 401.

The Sixth Circuit Pattern Jury Instructions support this conclusion:

3.06    Unindicted, Unnamed or Separately Tried Co-Conspirators

(1)  Now, some of the people who may have been involved in these events are
not on trial.  This does not matter.  There is no requirement that all members of
a conspiracy be charged and prosecuted, or tried together in one proceeding.

[(2)  Nor is there any requirement that the names of the other conspirators be
known.  An indictment can charge a defendant with a conspiracy involving
people whose names are not known, as long as the government can prove that
the defendant conspired with one or more of them.  Whether they are named or
not does not matter.]

* * * * *

8.08    Verdict Limited to Charges Against this Defendant

(1)  Remember that the defendant is only on trial for the particular crime charged
in the indictment.  Your job is limited to deciding whether the government has
proved the crime charged.

(2)  Also remember that whether anyone else should be prosecuted and
convicted for this crime is not a proper matter for you to consider.  The possible
guilt of others is no defense to a criminal charge.  Your job is to decide if the
government has proved this defendant guilty.  Do not let the possible guilt of
others influence your decision in any way.

(6th Cir. Pattern Crim. J. Instructions, §§ 3.06, 8.08.)  The government further argues that,

even if marginally relevant, the probative value of this evidence is substantially outweighed

by the danger of misleading and confusing the jury.  Fed. R. Evid. 403.

Defendant Beasley responds that the government's motion is premature.  Rather, the

2

determination of what evidence (and argument by defense counsel) is permissible should be left until the evidence unfolds at trial.  Then and only then can the Court determine whether the question asks for relevant or "marginally relevant" evidence and whether it survives Rule 403 balancing.  Defendant Stewart acknowledges that the government's decision not to charge a non-testifying co-conspirator is not relevant to show the bias or motive of a testifying witness but may be otherwise relevant.

The government concedes that its motion is premature because questioning is fact dependent, but asks the Court to confirm some well-established evidentiary principles.  The Court does so here.

1.  Defense counsel will be prohibited from questioning witnesses or presenting arguments that are an improper attempt to present a theory of selective prosecution before the jury.  *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (observing that "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury.").

2.  The government's charging decision is not probative of the fact whether there was an agreement and thus a conspiracy.  Charging decisions are based on many factors.  Just because a person who accepted something of value was not charged, does not mean that he or she was not involved in the charged conspiracy.  *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (granting, on relevancy grounds, the government's motion to preclude the defendant from introducing evidence that another individual who had been arrested with him was not charged because "the primary issue for the jury was whether the government met its burden of proof as to [the defendant]'s knowledge," and "[w]hether or not [another individual] was criminally charged does not make the facts relating to Young's

3

knowledge . . . more or less probable."); *United States v. Terry*, No. 1:10 CR 390, 2011 WL 2149361, at **1, 7 (N.D. Ohio May 31, 2011) (granting the government's request, on relevancy grounds, to preclude the defendant's evidence "that others should have been charged," and observing that although "others sought and obtained" the support of an influential political figure," that evidence "is irrelevant to [the] question of whether the defendant is guilty of conspiracy, mail fraud, and honest services mail fraud" because "[t]he views of others, or the fact that others received [the politician]'s support without engaging in bribery, does not make it any more or less likely that the defendant allegedly agreed to, as the defendant states, 'sell his soul' to [the politician] to get that same help."); *United States v. Carneglia*, No. 08-CR-76, 2009 WL 185725, at **1-2 (E.D. N.Y. Jan. 27, 2009) (precluding the defendants, on Rule 401 and 403 grounds, from eliciting testimony on cross examination of government witnesses that other persons had previously been charged with the murders with which the defendant was now charged).

## II.   Conclusion

For the above-stated reasons, the government's motion to exclude any argument or reference to the United States' decision not to charge possible co-conspirators is DENIED WITHOUT PREJUDICE AS PREMATURE.  It is FURTHER ORDERED that the parties shall be guided by the legal principles set forth above.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 7, 2014

4

CERTIFICATION

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 7, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager