UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

    Defendants.
                                         /

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT ZAJAC'S MOTION FOR A BILL OF PARTICULARS [99]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendant Zajac's motion for a bill of particulars [99], joined by Defendant Beasley [195]. Defendant Zajac wants a bill of particulars regarding (1) numerous details about the government's case-in-chief on Count I of the Indictment; (2) an alleged visit by Defendant Zajac with Gary Giumetti and Defendant Beasley concerning a contributions to the Kilpatrick Civic Fund; (3) the identity of all witnesses granted any type of immunity; (4) Defendant Zajac becoming a target of the government's investigation; (5) responses of vendors to attorney Robert Klausner's June 21, 2012 letter of inquiry; and (6) the basis of the government's claim that the five-year statute of limitations does not apply to charges brought against Defendant Zajac.

For the reasons stated below, Defendant Zajac's motion is DENIED.

**I.   Analysis**

    **A.  Standard of Review**

The decision to order a bill of particulars is within the discretion of the district court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars has the following purposes: (1) to insure that the defendant understands the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

The allegations which give sufficient notice of the charge can be minimal. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

A bill of particulars may not be used "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375.

**B. Discussion**

Although Defendant complains that he will be surprised at trial and will not be able to prepare his defense, he ignores that (1) the Indictment is 50 pages long and includes a detailed description of the conspiracy and the roles each Defendant played in it; (2) the government has produced a prodigious amount of discovery, including 210 witness

transcripts, 270 FBI reports of witness interviews, and thousands of pages of documents, including financial and investment records; and (3) the government has made its case transparent to Defendants. Moreover, Defendant's motion for a bill of particulars is contradicted by his motion seeking to strike surplusage [95] from the Indictment because it contains too much information.

Defendant Zajac is not seeking to clarify or understand the nature of the charges against him. Rather, he is improperly using his motion "as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375. This includes information the government is not required to provide. "A bill of particulars may not be used to compel the government to provide essential facts regarding the existence and formation of the conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modification on other grounds*, 801 F.2d 378 (11th Cir. 1986). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *Id.*

Despite Defendant Zajac's complaints to the contrary, the Indictment does identify mailings and wire transfers done in furtherance of the conspiracy. The Indictment identifies numerous investments that were part of the alleged conspiracy and numerous financial transactions that were either part of these investments or were part of the bribes, kickbacks, or financial payoffs that were part of the conspiracy. For example, the Indictment identifies the $150,000/year raise that Defendant Zajac received from his Co-conspirators. This transaction involved regular and numerous interstate wire transfers of

money. The Indictment also identifies numerous significant contributions to the Kilpatrick Civic Fund for which Defendant Zajac acted as a fundraiser. Each of the contributions identified in the Indictment involved interstate wire transfers of money and/or mailings.

## II. Conclusion

For the above-stated reasons, Defendant Zajac's motion is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 7, 2014

### CERTIFICATION

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 7, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager