UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

       Defendants.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT BEASLEY'S MOTION FOR BILL OF PARTICULARS OR, IN THE ALTERNATIVE, TO DISMISS COUNT 2 FOR DUPLICITY [117]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendant Beasley's motion for a bill of particulars or, in the alternative, to dismiss count 2 for duplicity [117], joined by Defendants Zajac [128] and Dixon [124]. Defendant Beasley seeks to dismiss Count 2 on the grounds of duplicity because he claims that Count 2 alleges multiple acts of extortion against different victims. Specifically, Beasley argues that, as drafted, Count 2 charges him with receiving thousands of dollars in cash from unidentified "persons." Thus, the government could conceivably call 12 different witnesses to testify that they were extorted under color of right and each trial juror could vote to convict as to a different victim, with the jury as a whole not being unanimous on any one victim. Alternatively, Defendant Beasley seeks a Bill of Particulars requiring the government to identify the individuals in Count 2 who allegedly paid money to Beasley at the January 26, 2007 "birthday party."

Defendant's motion is DENIED.  Count 2 properly alleges a single scheme of extortion that involved multiple victims; jury instructions and a special verdict form will adequately ensure unanimity among the jurors as to the charge in Count 2; and, in light of the government's extensive discovery production, a bill of particulars is not warranted.

## I.    Analysis

### A.  Count 2

Count 2 alleges that Defendant Beasley interfered with commerce by extortion in violation of 17 U.S.C. § 1951:

> On or about January 26, 2007, in the Eastern District of Michigan, the defendant JEFFREY BEASLEY, did knowingly  and unlawfully obtain property, that is, thousands of dollars in cash which were supposedly birthday gifts, from persons doing business with the Detroit General Retirement System and the Police and Fire Retirement System, with the consent of the givers, under color of official right, which conduct affected interstate commerce.

(5th Superseding Indictment, Count 2.)

### B.  Duplicity

#### 1.  Legal Principles

It is well-established in the Sixth Circuit that "[a]n indictment is duplicitous if it sets forth separate and distinct crimes in a single count."  *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (internal quotes and citation omitted).  "The overall vice of duplicity is that the jury cannot <u>in a general verdict</u> render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both."  *Id.* (internal quotes and citation omitted and emphasis added).  "While a duplicative indictment can prejudice a defendant in a variety of ways, the primary concern is that a defendant may be

2

deprived of his right to a unanimous jury verdict. That is, a jury might return a guilty verdict on a single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *Id.* (internal citations omitted).

### 2. Discussion

In Count 2, Defendant Beasley is charged with extorting money on one day, at one location, from a group of similarly-situated individuals as part of a single scheme to extort money. As the government explains, on January 26, 2007, a "birthday party" for Defendant Beasley was held at the Atheneum Hotel in Detroit, Michigan. During the party, which was organized by Co-Defendant Zajac, individuals having business before the two Detroit Retirement Systems, including Zajac, gave thousands of dollars in cash to Defendant Beasley in order to secure that Beasley would use his official position as a Trustee to support the business of those individuals who gave cash. Despite Defendant Beasley's argument to the contrary, Count 2 properly alleges a single scheme of extortion that involved multiple victims. *See, e.g., United States v. Albunio*, No. CR-91-0403(S-2), 1992 WL 281037, \*\*1, 4 (E.D. N.Y. Sept. 9, 1992) (rejecting the defendant's claim of duplicity based on a single count charging "multiple acts of extortion at various (unspecified) locations at various (unspecified) times over a three year period from various (unspecified) victims)" because the alleged acts were all "part of a single, continuous scheme").

Any danger from duplicity that might exist can be remedied by a curative jury instruction requiring unanimity. As Defendant Beasley concedes (Mot. at 5-6), "[t]he rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). "[A] duplicitous or multiplicitous indictment is remediable by the court's instruction to the jury

particularizing the distinct offense charged in each count in the indictment." *Id. See also United States v. Shumpert Hood*, 210 F.3d 660, 663 (6th Cir. 2000) (same). Thus, a jury instruction directing the jury to make a unanimous finding as to one of the victims the government claims was extorted to give cash at Beasley's "birthday party" on January 26, 2007 will cure the duplicity claim Beasley raises here. *See, e.g., United States v. Blandford*, 33 F.3d 685, 699 (6th Cir. 1994).

In *Blandford*, the Sixth Circuit rejected a similar argument that the indictment was duplicitous based on the following unanimity jury instruction:

> One more point about count 2. As I have just told you, the indictment accuses the defendant of attempting to obtain money from William McBee in exchange for his influence with regard to legislation potentially containing breed-to-breed provisions. The first payment allegedly occurred on January 31, 1992. The second payment allegedly occurred on February 20, 1992. The third payment allegedly occurred on March 11, 1992.
>
> The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of one of these three payments is enough. But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved.

*Id.*

Applying *Blandford* here, the Court could provide a similar unanimity instruction. The jury will be instructed that the government has presented evidence at trial that individuals A, B, C, etc. gave payments of cash to Beasley on January 26, 2007; and to return a guilty verdict on Count 2, all twelve of the jurors must agree that the same victim gave cash to Beasley at the "birthday party" on that date. In *United States v. Kakos*, the Sixth Circuit observed that "proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." 483 F.3d at 444-45 (internal quotes and citation

4

omitted).  A special verdict form may also be provided to ensure unanimity among the jurors as to the charge in Count 2.

### C.  Bill of Particulars

Defendant Beasley alternatively seeks a bill of particulars as to the identification of the individuals in Court 2 who paid over money to Beasley at the January 26, 2007 "birthday party."

### 1.  Legal Principles

The decision to order a bill of particulars is within the discretion of the district court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).  A bill of particulars has the following purposes:  (1) to insure that the defendant understands the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime.  *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976).

The allegations which give sufficient notice of the charge can be minimal.  *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

A bill of particulars may not be used "as a tool for the defense to obtain detailed

5

disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375.

### 2.  Discussion

Defendant Beasley is not seeking to clarify or understand the nature of the charges against him.  Rather, he is improperly using his motion "as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial." *Id.*  Count 2 relates to a very specific and limited incident that took place on one day.  The government has already produced extensive and detailed discovery regarding the individuals at the January 26, 2007 party, including FBI 302s and grand jury transcripts.  Thus, there is no danger of surprise, and Beasley can prepare for trial as to Count 2.  Accordingly, Beasley's request for a bill of particulars is denied.

## II.  Conclusion

For the above-stated reasons, Defendant Beasley's motion for a bill of particulars or, in the alternative, to dismiss Count 2 for duplicity is DENIED.


                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated:  May 7, 2014


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 7, 2014, by electronic and/or ordinary mail.

                        s/Carol J. Bethel
                        Case Manager

6