UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

      Defendants.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANTS ZAJAC'S AND STEWART'S MOTIONS TO DISMISS COUNT ONE BASED ON STATUTE OF LIMITATIONS [101, 104]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendants Zajac's [101] and Stewart's [104] motions to dismiss Count 1 based on the relevant statute of limitations.  Stewart's motion is joined by Defendants Zajac [128] and Beasley [195].  Zajac's motion is joined by Beasley [195].  It is undisputed that Count 1 of the Indictment charging both Defendants with conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C. § 1349 has a statute of limitations period of five years.  *See* 18 U.S.C. § 3282(a).

Defendant Zajac argues that, because there are no alleged "overt acts" in furtherance of the charged conspiracy and no alleged dates for the mailings or wire transfers in the Indictment, the government has not and cannot show that the § 1349 conspiracy charged in Count 1 falls within the five year statute of limitations.  Zajac further argues that, based on a complete lack of *evidence* that he either agreed to or participated in any conspiracy

beyond 2007, Count 1 should be dismissed.

Defendant Stewart concedes that Count 1 alleges that, on July 10, 2008, Stewart made a motion before the Police and Fire Retirement System supporting a second due diligence regarding the proposed investment in the Turks and Caicos Islands with Co-Defendant Dixon's company, PR Investment Group (5th Superseding Indictment, Count 1, ¶ 70); and alleges that, in December 2008, Co-Defendant Dixon paid for Stewart and his paramour to travel to Naples, Florida for a vacation and to attend a New Year's Eve party at a residence of Dixon (*id.*, ¶ 72).  Nonetheless, rehashing arguments raised in other motions to dismiss based on duplicity and violations of the Supreme Court's holding in *Skilling v. United States,* 561 U.S. 358 (2010), Stewart argues here that the allegations in ¶¶ 70 and 72 of Count 1 cannot be considered bribes or kickbacks and thus may not be considered as overt acts in furtherance of the charged § 1349 conspiracy.  (Def. Stewart's Mot. at 2.)  Stewart further argues that the allegations in Count 1, ¶ 73 -- that during the course of the § 1349 conspiracy, Co-Defendant Dixon gave "cash and other things of value" to Stewart – are too vague and thus cannot be used to show that the conspiracy charged in Count 1 is not barred by the five year statute of limitations.  (Def. Stewart's Mot. at 2-14.)

Defendants Zajac's and Stewart's motions to dismiss Count 1 on statute of limitation grounds are DENIED.

## I.   Analysis

### A.   Duration of Conspiracy - Statute of Limitations

As the Supreme Court observed in *Smith v. United States*, ___ U.S. ___, 133 S. Ct. 714, 721 (2013), "the Government must prove the time of the conspiracy offense if a statute-of-limitations defense is raised."  But, what Defendants fail to recognize in their

motions to dismiss, is that "the duration of the scheme to defraud is a question of fact for the jury." *United States v. Cunningham*, 679 F.3d 355, 374 (6th Cir. 2012) (citing Sixth Circuit Pattern Jury Instruction § 3.12), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1584 (2013). Defendants' arguments about the scope and duration of the § 1349 conspiracy charged in Count 1 should be made to the jury, not decided on a motion to dismiss.

Moreover, Defendants Zajac's and Stewart's statute of limitations arguments are based on a faulty premise that the limitations period for each individual defendant begins to run after he commits the last overt act alleged against him.  This argument ignores well-established legal principles governing conspiracies, like that charged in Count 1.  The conspiracy statute Defendants are alleged to have violated, 18 U.S.C. § 1349, does not require the government to charge or prove an overt act.  *See* Sixth Circuit Pattern Jury Instruction § 3.04, Committee Commentary (observing that while "[a]n overt act is an essential element of the general federal conspiracy statute, 18 U.S.C. § 371," there are "[o]ther conspiracy statutes [that] contain their own separate conspiracy provisions that do not require an overt act" and citing 18 U.S.C. § 1349).  *See also United States v. Chinasa*, 489 F. App'x 682, 685-86 (4th Cir. 2012) (concluding that "§ 1349 does not contain any overt act requirement" because "[a]n overt act is an element under the general conspiracy statute, which requires as an element that one or more of the conspirators 'do an[ ] act to effect the object of the conspiracy.' 18 U.S.C. § 371 (West 2000)," but § 1349 "does not contain equivalent language" and "[t]he Supreme Court, construing other conspiracy statutes that do not explicitly state that proof of an overt act is an element, has held that an overt act is in fact not an element."); *accord, United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1046 (2012).

Defendant Zajac's reliance on *United States v. Wright*, 665 F.3d 560 (3d Cir. 2012) is misplaced.  There, the court was addressing a § 371 conspiracy as opposed to a § 1349 conspiracy.  As the Fourth Circuit explained in *Chinasa*, 18 U.S.C. § 371 has an overt act requirement and § 1349 does not.

Because a § 1349 conspiracy does not have an overt act requirement, "the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period."  *Fishman*, 645 F.3d at 1191 (internal quotes and citation omitted).  *See also United States v. Mayes*, 512 F.2d 637, 642 (6th Cir. 1975) (holding that "where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated").  Applying those legal principles here, Count 1 of the Indictment satisfies the requirements of the five-year statute of limitations because the charged § 1349 conspiracy is alleged to have continued into the limitations period.

Count 1 charges all four Defendants with conspiring to commit honest services mail and wire fraud from approximately January 2006 to April 2009.  Count 1 describes the scheme to defraud and illustrates the ongoing nature of the charged § 1349 conspiracy during the alleged time frame and beyond.  (*See, e.g.,* 5th Superseding Indictment, Count 1, ¶ 26.H alleging criminal activity involving MayfieldGentry Realty Advisors and Defendant Beasley; ¶¶ 33-35 alleging criminal activity involving Defendant Zajac's salary increase; ¶¶ 52, 54-55, 66, 68, 70, 72-73 alleging criminal activity involving Defendant Dixon's companies, proposed investments in the Turks and Caicos Islands, and Defendants Beasley and Stewart; and ¶¶ 81-83 alleging criminal activity involving Company O and Defendant Beasley.)

4

In Count 1, it is alleged that the conspiracy involved, among other things, bribes in return for support of various investments. Those investments kept returning proceeds over years, well past April 2009. Not only were the financial rewards continuing to come in, the government argues, the evidence at trial will establish that some of the co-conspirators continued to receive bribes after March 20, 2008. The Sixth Circuit has held that such bribe payments and financial rewards are a continuing part of the conspiracy. *See Cunningham*, 679 F.3d at 374 (observing that one defendant "was paid director fees until June 2004," and that "'[c]ase law gives ample support to the proposition that payment is an integral and often final term in a conspiracy.'") (quoting *United States v. Schaffer*, 586 F.3d 415, 424 (6th Cir. 2009)).

Having rejected Defendants' arguments that Count 1 fails to allege an offense that falls within the five-year statute of limitations, the Court now considers Defendants' statute of limitations arguments that address the scope of the conspiracy alleged in Count 1.

### B. Scope of Conspiracy - Statute of Limitations

Defendants' statute of limitations arguments likewise ignore well-established law recognizing that, once the government satisfies its burden of showing that the defendant has joined a conspiracy that is on-going, liability attaches to that defendant "for the subsequent acts of [his] co-conspirators." *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). As clarified by the Supreme Court, "[u]pon joining a criminal conspiracy, a defendant's membership in the ongoing unlawful scheme continues until he withdraws." *Smith*, 133 S. Ct. at 717.

In *Smith*, the Supreme Court clarified that "the burden of establishing" a defendant's withdrawal from the charged conspiracy, "rests upon the defendant." *Id.* at 721. As the

5

*Smith* Court explained, a defendant who joins a conspiracy remains a member of that ongoing conspiracy, even if he does nothing; a defendant's withdrawal cannot rest on inaction:

> Having joined forces to achieve collectively more evil than he could accomplish alone, [the defendant] tied his fate to that of the group. His individual change of heart (assuming it occurred) could not put the conspiracy genie back in the bottle. We punish him for the havoc wreaked by the unlawful scheme, whether or not he remained actively involved. It is his withdrawal that must be active, and it was his burden to show that.

*Id.* Defendants Zajac and Stewart have not met their burden of establishing their withdrawal from the charged conspiracy before the statute of limitations period expired.

## C. Defendants' Additional Arguments Also Fail

Defendant Zajac also argues that the Indictment should be barred by the five-year statute of limitations because "there are no stated mails or wire transfers noted in the Indictment." (Def. Zajac Mot. at 3.) This argument ignores that Defendants Zajac and Stewart are not charged with the substantive crimes of mail or wire fraud. They are charged with conspiracy. The Indictment sufficiently alleges that Defendants conspired to "(1) cause matters and things to be placed in any post office and authorized depository to be sent and delivered by the Postal Service, (2) cause matters to be delivered by commercial interstate carrier according to the direction thereon, and (3) cause writings, signals, and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice, as set forth below." (5th Superseding Indictment, Count 1, ¶ 2.)

Defendant Stewart's additional arguments for dismissal are likewise rejected. First, Stewart reiterates arguments raised in previous motions – that his alleged conduct in the

ongoing conspiracy cannot be considered bribes or kickbacks in light of the Supreme Court's decision in *Skilling*. Like Defendant Zajac, Stewart ignores that he is charged with a conspiracy. And, if the government satisfies its burden at trial, he can be convicted of the conspiracy charged in Count 1 even if there is no evidence that he took a bribe or kickback. Moreover, his arguments ignore the allegations in Count 1 showing that he joined an ongoing conspiracy and well-established law recognizing that a defendant's membership in an ongoing unlawful scheme continues until the defendant proves that he actively withdrew. These arguments raise questions of fact for the jury to determine, not the Court on a motion to dismiss. The government contends that it will present evidence at trial establishing that Defendant Stewart joined a conspiracy to deprive the pensioners of the Retirement Systems of their right to honest services through bribes and kickbacks, and that the conspiracy continued into the five-year statute of limitations period.

## II.    Conclusion

For the above-stated reasons, Defendants Zajac's and Stewart's motions to dismiss Count 1 based on the statute of limitations [101, 104] are DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 8, 2014

CERTIFICATION

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

7