UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

    Defendants.
                                       /

Case No. 12-20030

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING DEFENDANT STEWART'S MOTION TO DISMISS COUNT ONE BASED ON DUPLICITY [103]

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendant Stewart's motion to dismiss Count 1 of the Fifth Superseding Indictment because it is duplicitous [103], joined by Defendants Zajac [128] and Beasley [195]. Defendant Stewart argues that Count 1 is duplicitous and must be dismissed because it alleges two conspiracies: One involving Defendant Stewart and others, and another centering on the Kilpatrick Civic Fund and associated fund-raising. Stewart further asserts that he had nothing to do with the Kilpatrick Civic Fund or had any knowledge of any conspiracy involving the Kilpatrick Civic Fund. Moreover, Stewart contends, the Indictment does not allege facts allowing a contrary inference. Thus, he would be prejudiced if allowed to be prosecuted on Count 1 because it alleges two separate and distinct conspiracies.

For the reasons stated below, Defendant Stewart's motion to dismiss Count 1 is DENIED.

**I.   Analysis**

First, it is well established that, "[w]hen deciding a motion to dismiss, the court is 'limited to the four corners of the indictment and . . . the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government.'" *United States v. Norwood*, No. 12-CR-20287, 2013 WL 5965328, *3 (E.D. Mich. Nov. 8, 2013) (Goldsmith, J.) (quoting *United States v. Scott*, No. 10-20235, 2013 WL 979465, *2 (E.D. Mich. Mar. 13, 2013) (Hood, J.); and citing 1A Charles Alan Wright, et al, *Fed. Practice & Procedure*, § 191 n.13 (4th ed. 2013) ("In consideration of a motion to dismiss the indictment as being insufficient, the court's determination must be based on whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict.  Generally speaking, it is a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.").

The question whether a conspiracy count is duplicitous is one of law for the Court to decide.  *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007).  As discussed with regard to Defendant Zajac's motion to dismiss for duplicity [ECF No. 94], it is well-established that "the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself a crime." *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999).

Defendant Stewart's arguments here ignore that "[t]he Sixth Circuit has held that multiple-object conspiracies are not void for duplicity." *United States v. Scott*, 2013 WL 979465 at *2 (citing *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002); *United States v. Dale*, 178 F.3d 429, 431-32 (6th Cir. 1999)).

Second, the issue Defendant Stewart raises here presents a question of fact for the

jury to decide. As the Sixth Circuit observed in *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990), "[w]hether a single conspiracy or multiple conspiracies have been shown is a question of fact resolved by the jury." *Accord, United States v. Scott*, 2013 WL 979465 at *2 (observing that the issue "[w]hether the evidence in support of a conspiracy count establishes a single conspiracy or multiple independent conspiracies is not relevant on a motion to dismiss but is a question of fact for a jury."). Thus, if evidence of multiple conspiracies is presented at trial, the Court will instruct the jury that it must determine if multiple conspiracies existed; and if so, which Defendants were involved in what conspiracies. *See* 6th Cir. Pattern Jury Instructions §§ 3.08, 3.09.

Although Defendant Stewart claims that he had nothing to do with the Kilpatrick Civic Fund, even assuming his claims are true for purposes of this motion, the nature of a criminal conspiracy contemplates that co-conspirators will not know every aspect of a conspiracy or be involved in all aspects of that conspiracy. It is well-established in the Sixth Circuit that "[a] conspirator need not have agreed to commit every crime within the scope of the conspiracy, so long as it is reasonable to infer that each crime was intended to further the enterprise's affairs." *United States v. Hughes*, 895 F.2d at 1140.

Although Defendant Stewart asserts that he had no involvement in the Kilpatrick Civic Fund portion of the Count 1 conspiracy, "it is not necessary for each conspirator to participate in every phase of the criminal venture, provided there is assent to contribute to a common enterprise." *Id*. *See also, United States v. Gaitan-Acevedo*, 148 F.3d 577, 586 (6th Cir. 1998) (observing that the "defendant need not have had knowledge of every phase of the conspiracy to have intended to facilitate the common scheme"). "It is well established that to sustain a conviction for conspiracy, the defendant must know the

3

purpose of the conspiracy, but not necessarily the full scope thereof, the detailed plans, operation, membership, or even the purpose of other members in the conspiracy." *United States v. Shermetaro*, 625 F.2d 104, 108 (6th Cir. 1980). Defendant Stewart's motion ignores well-settled law that he did not have to be involved in or have knowledge of all aspects of the conspiracy in order for him to have joined it.

Thus, to the extent that Defendant Stewart is arguing that Count 1 should be dismissed because it alleges two separate and distinct conspiracies, this argument is rejected as a matter of law. To the extent Defendant Stewart is arguing that Count 1 should be dismissed because the evidence at trial will show the existence of two independent conspiracies, this is a question for the jury to decide; not the Court on a motion to dismiss.

## II. Conclusion

For the above-stated reasons, Defendant Stewart's motion to dismiss Count 1 is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 8, 2014

## CERTIFICATION

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager