UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

    Defendants.
_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT ZAJAC'S MOTION TO DISMISS COUNT ONE OF THE FIFTH SUPERSEDING INDICTMENT BECAUSE IT IS DUPLICITOUS AND FAILS TO STATE AN OFFENSE [94]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendant Zajac's motion to dismiss Count 1 of the Fifth Superseding Indictment because it is duplicitous and fails to state an offense [94], joined by Defendants Stewart [175] and Beasley [195]. Defendant Zajac's motion is brought pursuant to Fed. R. Crim. P. 12(b)(3) and argues that Count 1 should be dismissed because (A) it is duplicitous; (B) Count 1 does not allege specific mailings or wire transfers; and (C) it fails to state an offense in light of *Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 2931 (2010) (holding that an honest services violation only extends to conduct involving bribery and kickbacks). Defendant Zajac's motion to dismiss is DENIED because (1) it ignores that Count 1 alleges a conspiracy or agreement to commit several crimes but it is the conspiracy itself that is the alleged crime; (2) mail and wire fraud conspiracies are commonly alleged in a single count; and (3) in any event, the Court's instructions will require unanimity by the jury as to the

nature of any guilty verdict on the overall conspiracy alleged in Count 1.

## I. Background

Because Defendant Zajac argues that Count 1 fails to state an offense in light of *Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 2931 (2010) (holding that an honest services violation only extends to conduct involving bribery and kickbacks), portions of Count 1 are set forth below.

<u>Count One</u>

Count 1 of the Fifth Superseding Indictment charges a Conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C. § 1349 against Defendants Beasley, Dixon, Stewart, and Zajac. Specifically, it alleges that:

> From approximately January 2006 to April 2009, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendants JEFFREY BEASLEY, ROY DIXON, PAUL STEWART, and RONALD ZAJAC did unlawfully and knowingly <u>conspire and agree with each other and with other persons, known and unknown</u>, to:
>
> (A) Commit <u>honest services mail fraud</u>, in violation of 18 U.S.C. §§ 1341 and 1346; and
>
> (B) Commit <u>honest services wire fraud</u>, in violation of 18 U.S.C. §§ 1343 and 1346.

(5th Superseding Indictment, Count 1, ¶ 1 (emphasis added).)

It further alleges, under sections captioned "The Scheme to Defraud" and "Methods of Accomplishing the Scheme to Defraud," that from approximately January 2006 to April 2009, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendants Beasley, Dixon, Stewart, and Zajac <u>conspired with each other and with others to devise a scheme to defraud</u> present and retired employees of the City of Detroit who contributed to the General Retirement System and the Police and Fire Retirement System of their right

to the honest, faithful, and impartial services of Kwame Kilpatrick, Jeffrey Beasley, Paul Stewart, *Trustee B, Trustee C,* and *City Official A*, including their right to the conscientious, loyal, faithful, disinterested, unbiased services, to be performed free of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, bribery, fraud, and corruption, and to (1) cause matters and things to be placed in any post office and authorized depository to be sent and delivered by the Postal Service, (2) cause matters to be delivered by commercial interstate carrier according to the direction thereon; and (3) cause writings, signals, and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice. (*Id.*, Count 1, "Objects of the Scheme to Defraud," ¶¶ 3-5; Count 1, "Methods of Accomplishing the Scheme to Defraud", ¶¶ 6-93.)

Because they are important to Defendant's motion, Paragraphs 3-5 of Count 1, "Objects of the Scheme to Defraud" are quoted here:

> 3. It was an object of the scheme to defraud the employees and retirees of the City of Detroit that Kwame Kilpatrick, JEFFREY BEASLEY, PAUL STEWART, *Trustee B*, and *Trustee C* used their positions as Trustees of the Retirement Systems to personally enrich themselves and other co-conspirators by demanding or accepting bribes and kickbacks in the form of cash, travel, meals, golf clubs, drinks, tickets to sporting events, gambling money, tickets to shows, Playboy party tickets, hotel stays, entertainment, Las Vegas concern tickets, trips, designer watches, massages, limousine service, private plane flights, and other things of value from persons who dealt with the Retirement Systems which acted on their proposals or requests. JEFFREY BEASLEY, PAUL STEWART, and their co-conspirators concealed and did not disclose these bribes and kickbacks.
>
> 4. It was part of the scheme that ROY DIXON paid bribes and kickbacks to Kwame Kilpatrick, JEFFREY BEASLEY, PAUL STEWART, *Trustee B, Trustee C, City Official A*, and other individuals in order to secure investment monies from the Retirement Systems for *Onyx Capital Advisers* and *PR Investment Group*. It was part of the scheme that Chauncey Mayfield paid bribes and kickbacks to Kwame Kilpatrick, JEFFREY BEASLEY, PAUL STEWART, *Trustee*

3

*B*, and other individuals in order to secure investment monies and management fees from the Retirement Systems for *MayfieldGentry Realty Advisors* and to maintain his position as an investment advisor for the Retirement Systems. It was part of the scheme that RONALD ZAJAC <u>paid bribes and kickbacks</u> to Kwame Kilpatrick, JEFFREY BEASLEY, PAUL STEWART, *Trustee B*, and other individuals in order to <u>maintain his position as General Counsel</u> to the Retirement Systems and <u>to secure a substantial raise in compensation as General Counsel</u>.

5. It was a further object of the scheme to defraud that JEFFREY BEASLEY pressured persons who dealt with the Retirement System to contribute money to the Kilpatric Civic Fund in return for his support of their requests or proposals to the Retirement Systems. ROY DIXON contributed $30,000 to the Kilpatrick Civic Fund in order to secure support for investments by the Retirement Systems proposed by *Onyx Capital Advisers* and *PR Investment Group*. In addition, ROY DIXON directed the owner of *Company N* to contribute $15,000 to the Kilpatrick Civic Fund in order to secure support for investments by the Retirement Systems proposed by *Onyx Capital Advisers*. Chauncey Mayfield contributed $50,000 to the Kilpatrick Civic Fund in order to secure support for investments by the Retirement Systems proposed by *MayfieldGentry Realty Advisors* and to secure the position of *Mayfield Gentry Realty Advisors* as an investment advisor to the Retirement Systems. In order to gain favor with Kwame Kilpatrick and JEFFREY BEASLEY, RONALD ZAJAC raised over $70,000 for the Kilpatrick Civic Fund, soliciting funds from, among others, individuals seeking investments from the Retirement Systems."

(5th Superseding Indictment, Count 1, "The Scheme to Defraud," ¶¶ 3-5.)

## II. Analysis

### A. Duplicity

Defendant Zajac argues that Count 1 is duplicitous because it impermissibly charges multiple conspiracies (one for mail fraud and another for wire fraud) in one count. Defendant Zajac further argues that these offenses are distinct and separate because each requires proof of an additional fact. Accordingly, Zajac contends, there is a distinct possibility of a non-unanimous jury verdict, i.e., some jurors finding that Defendant was involved in the mail fraud conspiracy and other jurors finding that Defendant was involved in the wire fraud conspiracy, and dismissal of Count 1 is thus required.

### 1. Legal Principles

It is well-established in the Sixth Circuit that "[a]n indictment is duplicitous if it sets forth separate and distinct crimes in a single count." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (internal quotes and citation omitted). "The overall vice of duplicity is that the jury cannot <u>in a general verdict</u> render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *Id.* (internal quotes and citation omitted and emphasis added). "While a duplicative indictment can prejudice a defendant in a variety of ways, the primary concern is that a defendant may be deprived of his right to a unanimous jury verdict. That is, a jury might return a guilty verdict on a single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *Id.* (internal citations omitted).

### 2. Discussion

Count 1 alleges a conspiracy by Defendants and others to commit honest services mail and wire fraud in violation of 18 U.S.C. §§ 1346, 1349. (5th Superseding Indictment, Count 1, ¶¶ 1-2.) It is alleged that, through bribes and kickbacks, Defendants sought to deprive the Retirement Systems and their pensioners and beneficiaries of the honest services of the trustees of the Retirement Systems (*id.*, ¶ 2), and that Defendants and their co-conspirators contemplated that certain mailings and interstate wires would be used in furtherance of the scheme (*id.*).

Defendant Zajac ignores established law when he argues that mail and wire fraud conspiracies cannot be alleged in one over-arching conspiracy count. It is well-settled that "the allegation, in a single count of conspiracy, of an agreement to commit several crimes

5

is not duplicitous, as conspiracy is itself a crime." *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999) (citing *Braverman v. United States*, 317 U.S. 49, 54 (1942)). In *Dale*, the defendant was charged "with a single conspiracy to distribute both marijuana and crack." *Id.* The Sixth Circuit rejected the defendant's argument that his indictment was duplicitous because it charged a conspiracy to distribute two different controlled substances. *Id.* Rather, the court held "[a] single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous," and "the district court did not err in refusing to sever or dismiss the count." *Id.*

Several federal courts have concluded that a conspiracy alleged in one count to commit both mail and wire fraud is not duplicitous. *See, e.g., United States v. Schlesinger*, 261 F. App'x 355, 358 (2d Cir. 2008) (observing that "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.") (internal quotes and citation omitted); *United States v. Vilar*, No. 05 Cr. 621(RJS), 2008 WL 4298545, *1 (S.D. N.Y. Sept. 5, 2008) (concluding that count one of the defendant's indictment was not duplicitous although it specified "five objects of the conspiracy: securities fraud, investment adviser fraud, mail fraud, wire fraud, and money laundering," because "an indictment is not duplicitous merely because it alleges a conspiracy to commit multiple crimes" and here, although it was alleged that "Defendants employed a variety of means to carry out their conspiracy, [ ] the overarching scheme alleged was a unified one: to defraud Amerindo clients by inducing them, on the basis of similar misrepresentations, to invest in a variety of investment products."); *United States v. Gall*, No. 3:95CR98 AHN, 1996 WL 684404, **2-3 (D. Conn. Aug. 12, 1996) (concluding that count one of the defendant's indictment

alleging a conspiracy to commit mail and wire fraud "alleges a single conspiracy," rejecting the defendant's argument that count one was duplicitous, and observing that although "Count One alleges varied illegal activities through different and varied phases," this "does not disprove the existence of a single conspiracy because a common sense reading of Count One depicts mutual dependence and assistance among [the defendants] throughout the conspiracy, despite changing activities, means, and phases.").

Moreover, as the government asserts, additional steps can be taken by the Court, e.g., through jury instructions and a special verdict form, to ensure unanimity among the jury as to the object or objects of the conspiracy. *See United States v. Kakos*, 483 F.3d at 444-45 (observing that "proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense") (internal quotes and citation omitted); *United States v. Hood*, 210 F.3d 660, 663 (6th Cir. 2000) (observing that "[d]uplicitous charges, however, are not necessarily fatal to an indictment" because "the court may particularize the distinct offense charged in each count in its jury instruction") (internal quotes and citation omitted).

For all these reasons, this Court finds that Count 1 is not duplicitous.

**B. Specific Mailings or Wire Transfers**

Defendant Zajac also argues that the conspiracy to commit mail and wire fraud alleged in Count 1 is defective because there are no allegations about specific mailings or wire transfers (so as to establish the jurisdictional requirements of those offenses). Zajac's argument is rejected because it ignores the nature of the offense charged in Count 1. That Count charges a conspiracy; and it is the agreement to commit a crime that is critical, not

7

the methods used to carry out that crime. Thus, to "prove a conspiracy to commit mail and wire fraud, the government need not prove an explicit agreement among the conspirators to use the interstate mails or wires in furtherance of the conspiracy but merely show that the use of interstate mails or wires was reasonably foreseeable at the time the conspiracy was formed." *United States v. Mitan*, Nos. 08-760-1, 08-760-2, 08-760-3, 2009 WL 1651288, *19 (E.D. Pa. June 11, 2009). Count 1 of the Fifth Superseding Indictment alleges just that – that Defendants contemplated the use of the mails and wire transfers to further the scheme to defraud. (5th Superseding Indictment, Count 1, ¶ 2.) Contrary to Defendant Zajac's argument here, the Indictment alleges the necessary elements of a conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C. § 1349.

### C. Failure to State Offense - *Skilling* Decision

Finally, Defendant Zajac argues that Count 1 fails to state an offense because it violates the Supreme Court's holding in *Skilling*. Defendant is mistaken. The Indictment does not violate the holding in *Skilling*. Rather, it alleges under Count 1, "Objects of the Scheme to Defraud," that the trustee conspirators "used their positions as Trustees of the Retirement Systems to personally enrich themselves and their co-conspirators by demanding or accepting <u>bribes and kickbacks</u>." (5th Superseding Indictment, Count 1, ¶ 3 (emphasis added).) Similarly, the Indictment alleges that Defendants Dixon and Zajac "paid <u>bribes and kickbacks</u>" to the trustee Defendants and other pubic officials. (*Id.* at ¶ 4 (emphasis added).)

### III. Conclusion

For the above-stated reasons, Defendant Zajac's motion is DENIED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: May 8, 2014

## CERTIFICATION

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2014, by electronic and/or ordinary mail.

       s/Carol J. Bethel
       Case Manager