UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY BEASLEY, ET AL.,

    Defendants.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING AS MOOT DEFENDANTS BEASLEY'S, ZAJAC'S, STEWART'S, AND DIXON'S MOTIONS TO DISMISS FIFTH SUPERSEDING INDICTMENT [176, 177, 181, 182]**

At a hearing held on April 29, 2014, this criminal matter came before the Court on Defendants Beasley's [176], Zajac's [177], Stewart's [181], and Dixon's [182] motions to dismiss the Fifth Superseding Indictment. Stewart's, Dixon's, and Zajac's motions are joined by Defendants Beasley [195]. For the reasons stated below, Defendants' motions to dismiss the 5th Superseding Indictment are DENIED AS MOOT.

**I. Analysis**

    **A. Seventh Superseding Indictment Returned Within Relevant Five-Year Statute of Limitations Period**

On April 16, 2014, a new Special Grand Jury returned a Seventh Superseding Indictment in this criminal matter. This Indictment was returned within the five-year statute of limitations for the § 1349 conspiracy alleged in Count 1. (*See* ECF No. 209, Opin. & Order denying Defs. Zajac's and Stewart's motions to dismiss based on statute of limitations grounds.) In the Seventh Superseding Indictment, the Count 1 conspiracy is

alleged to have been ongoing from approximately January 2006 through April 2009, and is identical in all material respects to the Fifth Superseding Indictment. The only changes in the new Indictment are the correction of one typographical error, a change in the font size to conform to a new local rule of this Court, the correction of the bank accounts identified on the chart in Count 13 against Defendant Dixon, and the removal of the phrase "illegal gratuities" from the caption of Counts 7 through 9, as the government indicated that it would do in response to Defendant Beasley's motion to strike [111].

Count 1 of the Seventh Superseding Indictment describes the scheme to defraud and illustrates the ongoing nature of the charged § 1349 conspiracy to commit honest services mail and wire fraud during the time period of approximately January 2006 through April 2009. (7th Superseding Indictment at 1, Introduction, and Count 1.) It is alleged that the conspiracy involved, among other things, bribes in return for support of various investments and criminal activity involving Defendant Zajac's salary increase. (*See, e.g.,* 7th Superseding Indictment, Count 1, ¶ 26.H alleging criminal activity involving MayfieldGentry Realty Advisors and Defendant Beasley; ¶¶ 33-35 alleging criminal activity involving Defendant Zajac's salary increase; and ¶¶ 8-83 alleging criminal activity involving Company O and Defendant Beasley.) The government contends that those investments tied to bribes kept returning proceeds over years, well past April 2009. The Sixth Circuit has held that such bribe payments and financial rewards are a continuing part of the conspiracy. *See United States v. Cunningham*, 679 F.3d 355, 374 (6th Cir. 2012) (observing that one defendant "was paid director fees until June 2004," and that "'[c]ase law gives ample support to the proposition that payment is an integral and often final term in a conspiracy.'") (quoting *United States v. Schaffer*, 586 F.3d 415, 424 (6th Cir. 2009)).

Given the return of the Seventh Superseding Indictment by a new grand jury, which alleges in Count 1 that the conspiracy continued into the limitations period, Defendants' motions to dismiss the Fifth Superseding Indictment are now moot. There is no need to toll the relevant five-year statute of limitations.

That the Seventh Superseding Indictment was returned by a different grand jury before the Court considered Defendants' motions to dismiss the Fifth Superseding Indictment is of no consequence. *See United States v. Lacey*, 53 F.3d 332, 1995 WL 258142 (6th Cir. May 2, 1995). In *Lacey*, the Sixth Circuit found that the Fifth Superseding Indictment was returned within the grand jury's 18-month term of service and rejected the defendant's argument that "allowing a subsequent grand jury to return an indictment over one returned by a prior grand jury permit[ted] circumvention of the mandate of Fed. R. Crim. P. 6(g)." *Id.* at *4. Rule 6(g) provides, in pertinent part, that a grand jury "may serve more than 18 months only if the court, having determined that the extension is in the public interest, extends the grand jury's service." Fed. R. Crim. P. 6(g). Rejecting the defendant's argument, the Sixth Circuit went on to "note that since government attorneys may present evidence from prior grand juries to subsequent grand juries, it is proper for a subsequent grand jury to use such information to return a valid superseding indictment." *Id.* (internal citation omitted). The *Lacey* court also rejected the defendant's argument that "the original indictment should have been dismissed and a new grand jury convened, rather than a new grand jury merely issuing a superseding indictment." *Id.* at *4 n.3.

**B. Even If Tolling Were Required It Would Be Proper Here**

Even if tolling of the statute of limitations were required, this Court would conclude that the Seventh Superseding Indictment relates back to the date of the Fifth Superseding

3

Indictment for statute of limitations purposes. In *United States v. Smith*, 197 F.3d 225 (6th Cir. 1999), the Sixth Circuit addressed the district court's denial of the defendants' motion to dismiss a superseding indictment on statute of limitation grounds. The superseding indictment corrected the omission of overt acts in the conspiracy count that were listed in other substantive counts. *Id.* at 227. The district court held that, because "the superseding indictment did not broaden the charges in the original indictment," it related back "to the time of the filing of the original indictment, curing any statute of limitations defect" in that original indictment. *Id.* On appeal, the Sixth Circuit affirmed, holding that "even if the original indictment was defective on its face, the superseding indictment related back to the filing of the original indictment for statute of limitations purposes." *Id.* at 228.

Observing that this appeal presented an issue of first impression for the Sixth Circuit, the *Smith* court adopted the rule announced by the Second Circuit in *United States v. Grady*, 544 F.2d 598 (2d Cir. 1976), "'[s]ince the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still <u>validly pending</u>, if and only if it does not broaden the charges made by the statute of limitations.'" *Id.* (quoting *Grady*, 544 F.2d at 601) (emphasis added). The *Smith* court rejected the defendants' argument urging it to follow *United States v. Crysopt Corp.*, 781 F. Supp. 375 (D. Md. 1991). *Crysopt Corp.*, a decision Defendants rely upon here, "held that a defective original indictment is a 'nullity' and therefore cannot toll the statute of limitations." *Smith*, 197 F.2d at 228. The *Crysopt Corp.* court reasoned that, because a defective original indictment was "simply a nullity," it was invalid and conferred no jurisdiction upon the trial court and thus "clearly cannot serve to block the door of limitations as it swings closed." *Crysopt Corp.*, 781 F. Supp. at 377-78.

4

In rejecting that argument, the *Smith* court observed that the defendants were misconstruing "what 'validly pending' means." *Id*. It then explained the meaning of that term:

> *Grady* holds that an original indictment remains pending until it is dismissed or until double jeopardy or due process would prohibit prosecution under it. *See Grady*, 544 F.2d at 602 n. 4. "Validly pending" under the *Grady* rule is unrelated to the issue of whether an indictment is defective or insufficient.

*Id*. at 228-29 (citing *United States v. Drucker*, 453 F. Supp. 741, 742 (S.D. N.Y. 1978), *aff'd* 591 F.2d 1332 (2d Cir. 1978)). It further explained that:

> If this were not the case, then the United States would simply dismiss the original indictment and refile under the savings clause of 18 U.S.C. § 3288, which allows the government, after expiration of the statute of limitations period to refile within six months from the date of dismissal of a defective indictment.

*Id*. at 229.

The *Smith court* clarified that the case before it did "not fall under the § 3288 line of cases, but rather the *Grady* line of case." *Id*. (Apparently because there was an original and superseding indictment, not a dismissal and refiling of a new indictment.) And, "[u]nder *Grady*, it is irrelevant whether the original indictment was defective or not. As in *Drucker*, the government's original indictment in the case before us was validly pending when the superseding indictment was filed. The 'validly pending' language of the *Grady* test is therefore satisfied." *Id*.

The Sixth Circuit emphasized that the more important aspect of the *Grady* analysis was confirming that the superseding indictment "in no way broadens the original indictment," and instructed that "[n]otice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone" in making that determination. *Id*. (citing *Grady*, 544 F.2d at 601). In *Smith*, the court concluded that, because "the original

indictment and the superseding indictment [were] virtually identical," the "defendants had due notice" of the charges alleged against them. *Id.* Accordingly, the notice aspect of the *Grady* rule was also satisfied, allowing the superseding indictment to relate back to the original indictment for statute of limitation purposes. *Id.*

Applying *Smith* here, the Fifth Superseding Indictment was not dismissed and was "validly pending" at the time the Seventh Superseding Indictment was returned. Contrary to Defendant's arguments here, "'[v]alidly pending' under the *Grady* rule is unrelated to the issue of whether an indictment is defective or insufficient." *Id.* at 229. Moreover, it is undisputed that the Fifth and Seventh Superseding Indictments are virtually identical. Thus, similar to the defendants in *Smith*, Defendants here "had due notice of the charges alleged against them." *Id.* Therefore, just as in *Smith*, the Seventh Superseding Indictment would relate back to the filing of the Fifth Superseding Indictment for statute of limitation purposes.

Defendants' arguments to the contrary are rejected. First, Defendants' reliance on the Sixth Circuit's decision in *United States v. Crawford*, 60 F. App'x 520 (6th Cir. 2003), is misplaced. In *Crawford*, the original, superseding, and second superseding indictment were all returned by grand juries selected through procedures later deemed impermissible under *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998). *See Crawford*, 60 F. App'x at 531. The *Crawford* court held that the *Ovalle* decision "effectively dismissed" the second superseding indictment "because due process would prohibit prosecution under it." *Id.* Accordingly, it was not "validly pending" as defined in *Smith*, and "although virtually identical," the third superseding indictment returned after *Ovalle* "could not relate back to any of these prior indictments." *Id.* Nonetheless, the *Crawford* court held, because the

6

third superseding indictment did "not materially broaden the charges in the previous indictment," "18 U.S.C. § 3288 provided the government a statutory period of six months from the date that the *Ovalle* [decision] effectively dismissed the Second Superseding Indictment in which to seek the return of a new indictment." *Id.* And, because the third superseding indictment was filed within six months from the date of the *Ovalle* decision, the *Crawford* court held that it was timely under § 3288. *Id.* Contrary to the analysis Defendants urge this Court to adopt, the Sixth Circuit in *Crawford* did not hold that the original, superseding, and second indictments were nullities and void from inception and thus precluded application of §3288. Rather, it followed the plain language of § 3288 which provides that "[w]henever an indictment . . . charging a felony is dismissed <u>for any reason</u> after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of the dismissal . . . ." 18 U.S.C. § 3288 (emphasis added).

Defendants' reliance on *Crysopt Corp.* is also misplaced. The reasoning and result in *Crysopt Corp.* were expressly rejected by the Sixth Circuit in *Smith*. The decision in *Crysopt Corp.* was based in part on reliance upon *United States v. Gillespie*, 666 F. Supp. 1137, 1140 (N.D. Ill. 1987), another decision that Defendants' rely upon here. *See Crysopt Corp.*, 781 F. Supp. at 377. Thus, when the Sixth Circuit rejected the rationale and holding in *Crysopt Corp.* it likewise rejected the rationale and holding in *Gillespie*.

In *Gillespie*, the district court dismissed the defendant's original indictment because it had been "returned by a grand jury that had served beyond the time it was validly authorized to sit pursuant to 18 U.S.C. § 3331(a)." 666 F. Supp. at 1137, 1141. Similar to the facts presented here, the defendant had filed a motion to dismiss the original

7

indictment. *Id.* at 1140 n.8. Before the district court ruled on that motion, the government "went before a properly constituted grand jury" and obtained a superseding indictment. *Id.* The government, relying on *Grady*, argued that "the bringing of the first indictment, which was timely, tolled the statute of limitations and that as long as it remained pending, the superseding indictment could be brought regardless of the statute of limitations, if the superseding indictment did not broaden the charges." *Id.* at 1140. The *Gillespie* court disagreed with the government's interpretation of the holding in *Grady*. It reasoned that *Grady*:

> establishes a judicial rule that a *valid* indictment insulates from statute-of-limitations problems any refiling of the same charges during the pendency of that valid indictment (that is, the superseding of a valid indictment). But if the earlier indictment is *void*, there is no legitimate peg on which to hang such a judicial limitations-tolling result.

*Id.* at 1141. Finding that *Grady* did not apply, the *Gillespie* court then held that certain counts in the superseding indictment must be dismissed on statute-of-limitations grounds. *Id.* It did note, however, that this decision provided the defendant with "only temporary respite" because 18 U.S.C. § 3288 gave the government the authority, during the next six months, to submit the charges in the superseding indictment that the court had dismissed "to a regularly constituted grand jury." *Id.*

Refuting any argument by Defendants here to the contrary, the Second Circuit recently observed in *United States v. Milstein*, 401 F.3d 53, 67 (2d Cir. 2005), that "*Gillespie* is not the law of this Circuit. *See United States v. Grady*, 544 F.2d 598 (2d Cir. 1976) ("*Grady*"); *United States v. Drucker*, 453 F. Supp. 741 (S.D. N.Y. 1978)."

The *Drucker* decision, cited with approval by the Sixth Circuit in *Smith*, has facts somewhat similar to those presented here. There, the defendant had moved to dismiss the

8

original indictment because it contained excessive hearsay and no evidence on two counts was presented to the grand jury. See *United States v. Drucker*, 453 F. Supp. at 742. Before the district court could rule on the motion but after it had expressed its "concern with the manner in which the case had been presented to the grand jury, the matter was presented again to a new grand jury and a superseding indictment was filed." *Id.* The district court denied the defendant's motion as moot and proceeded to trial. *Id.* The defendant was convicted on all the charges that were not dismissed. In his post-trial motion, the defendant argued that "the superseding indictment [was] barred by the statute of limitations" because (1) "[t]he original indictment was invalid," and (2) § 3288 could not be invoked to save the case because "the original indictment was not dismissed, and hence the tolling provisions of Section 3288 [did] not come into play." *Id.*

The district court rejected both prongs of the defendant's post-trial argument. First, it found that "as a matter of law," even if the original indictment was defective, "the indictment served to toll the statute of limitations with respect to the charges contained therein." *Id.* (citing *United States v. Macklin*, 535 F.2d 191 (2d Cir. 1976)). It reasoned as follows: The original indictment "put the defendant squarely on notice of the criminal activities with respect to which he was charged." And, "[t]he superseding indictment, filed while the original indictment was still pending, made no substantive change in the charges against the defendant. With one minor change it was, in fact, identical to the original indictment." *Id.* Thus, it found that the requirements in *Grady* were satisfied. *Id.* at 742-43 (citing *Macklin*).

The *Drucker* court also rejected the second prong of the defendant's argument. It agreed that § 3288 did not apply because "the superseding indictment was filed while the

original indictment was still pending." *Id.* at 743. It went on to reject the defendant's argument that the court should "place form over substance" and hold "that, while the superseding indictment would be valid pursuant to Section 3288 if [the court] had dismissed the original indictment on the basis of defect or insufficiency, the superseding indictment is invalid because it was filed prior to any ruling by [the court] on the validity of the original indictment." *Id.* Rejecting the defendant's argument, the court observed that "[t]he statute of limitations was tolled by the filing of the original indictment; the original indictment was still pending when the superseding indictment was filed; and the superseding indictment was therefore timely" under the relevant statute of limitations. *Id.* This decision was affirmed on appeal by the Second Circuit without a written opinion. *Drucker*, 591 F.2d 1332 (2d Cir. 1978).

The decision in *United States v. Macklin ("Macklin II")*, 535 F.2d 191 (2d Cir. 1976), cited with approval in *Drucker*, is illustrative for another reason. It arises from a district court decision on remand from an earlier Second Circuit decision. In that earlier decision, *United States v. Macklin ("Macklin I")*, 523 F.2d 193 (2d Cir. 1975)[1], the Second Circuit affirmed the district court's decision granting the defendant's motion to withdraw his guilty plea. It also affirmed the district court's decision to dismiss an indictment that was returned by a grand jury whose term had been improperly extended. The *Macklin I* court determined that the dismissed indictment was a "nullity" and further held that "[t]he absence of an indictment is a jurisdictional defect which deprives a court of its power to act," and "cannot

---

[1] The decision in *United States v. Fein*, 504 F.2d 1170 (2d Cir. 1974), which Defendants rely upon, arises from the same grand jury whose term was held to be improperly extended. *See Macklin I*, 523 F.2d at 195.

10

be waived by a defendant, even by a plea of guilty." *Id.* at 195-96. In *Macklin I*, the court did, however, observe that the defendant had been reindicted by a different grand jury while his appeal was pending, but expressed "no opinion on any matter affecting the second indictment." *Id.* at 197.

In *Macklin II*, the Second Circuit reversed the decision of the district court, on remand, which had decided to grant the defendant's motion to dismiss the new indictment on statute-of-limitations grounds. 535 F.2d at 192. "Though the new indictment was filed within six months of the dismissal of the old indictment, the District Court dismissed the second indictment on the ground that the saving provisions of § 3288 were inapplicable to an indictment that had been dismissed as a nullity." *Id.* at 192-93. The *Macklin II* court disagreed and held that the "reindictment was proper and timely." *Id.* at 193. It observed that "Section 3288, in pertinent part, permits reindictment of a defendant within six months after 'an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury.'" *Id.* at 192 (quoting 18 U.S.C. § 3288). Interpreting the language and legislative purpose of that statute, the *Macklin II* court held that "§ 3288 was meant to apply whenever the first charging paper was vacated for any reason whatever, including lack of jurisdiction. The only statutory requirement is that the prosecutor obtain a new indictment within the six-month time limit." *Id.* at 193.

In light of the above decisions, even if this Court were to agree with Defendants that the Fifth Superseding Indictment is a "nullity" because the Special Grand Jury that returned that Indictment did so 11 days after its 18-month statutory term expired (yet apparently within the 18-month time period the empaneling judge initially told them they had to

11

complete their statutory duties),[2] *see* 18 U.S.C. § 3331(a), this Court would follow the Sixth Circuit's holding in *United States v. Smith*, 197 F.3d 225, 228-229 (6th Cir. 1999), and conclude that the Seventh Superseding Indictment relates back to the date of the Fifth Superseding Indictment for statute of limitations purposes.

## II. Conclusion

For the above-stated reasons, Defendants' motion to dismiss the Fifth Superseding Indictment are DENIED AS MOOT.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 9, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 9, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

---

[2]As shown from the exhibits attached to the government's sealed supplemental brief, the Special Grand Jury that returned the Fifth Superseding Indictment was selected and empaneled on September 9, 2011. On that day, the potential grand jurors received a sheet of paper laying out the "Potential Dates Scheduled to Convene," listing September 21, 2011 as the first date and March 20, 2013 as the last. (Gov't Sealed Br., Ex. A.) During the selection process, the empaneling judge informed the potential grand jurors that they would serve an 18-month term, meeting on Wednesdays each week during that 18-month period, and that this 18-month term was extendable for up to an additional 18 months if their work is not concluded in that first 18-month term. (*Id.*, Ex. B, 9/9/2011 Special Grand Jury Selection 11-5 Tr. at 4-5.) Later, on September 9, 2011, a grand juror asked the Court about the grand jury's schedule and was informed by the Court that it was the 18 months of Wednesdays identified on Ex. A. (*Id.* at 110-11.)