```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION




UNITED STATES OF AMERICA,

             Plaintiff,

                                     HONORABLE NANCY G. EDMUNDS
     v.
                                     No. 12-CR-20030
D-1 JEFFREY BEASLEY,
D-4 PAUL STEWART,
D-5 RONALD ZAJAC,

             Defendants.
_____/


                      JURY TRIAL - VOLUME 34

               Detroit, Michigan - December 4, 2014

APPEARANCES:

Robert P. Cares
David A. Gardey
Stephanie Dawkins Davis
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9100
On behalf of Plaintiff

Walter J. Piszczatowski
Michael J. Rex
Hertz, Schram
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
248-335-5000
On behalf of D-1 Jeffrey Beasley

                                         -   -   -

              Suzanne Jacques, Official Court Reporter
                 email: jacques@transcriptorders.com
```

APPEARANCES(Continued):

Elliott S. Hall  
400 Renaissance Center, 38th Floor  
Detroit, MI 48243  
313-568-6516  
On behalf of D-4 Paul Stewart

Eric A. Ladasz  
23936 Michigan Ave.  
Dearborn, MI 48124  
(313) 274-1890  
On behalf of D-5 Ronald Zajac

David W. Jones  
Allen Brothers  
400 Monroe Street, Suite 220  
Detroit, MI 48226  
313-962-7777


Proceedings recorded by mechanical stenography.  
Transcript produced by computer-aided transcription.

Suzanne Jacques, Official Court Reporter  
email: jacques@transcriptorders.com

- - -

                      Jury Trial - Volume 34
                     Thursday, December 4, 2014

                           I N D E X
                            -   -   -

| Proceeding | Page |
|---|---|
| Objection to Indictment | |
|  Argument by Mr. Piszczatowski | 4 |
|  Response by Ms. Dawkins Davis | 5 |
|  Rebuttal by Mr. Piszczatowski | 7 |
| Jury Deliberations | 9 |
| Certification of Court Reporter | 12 |

                            -   -   -

             12-CR-20030   U.S.A. vs. Beasley, et al

```
 1              Detroit, Michigan
 2              Thursday, December 4, 2014
 3              10:21 a.m.
 4                         -  -  -
 5              (Defendants not present.)
 6              LAW CLERK:  Court calls the case of United States
 7   vs. Beasley, Case Number 12-20030.
 8              THE COURT:  Good morning.  Be seated.
 9   Mr. Piszczatowski.
10              MR. PISZCZATOWSKI:  Yes, Your Honor.  Your Honor,
11   thank you for hearing this, obviously.  It's pretty basic.  The
12   argument that Mr. Beasley has, we object to the indictment
13   that's presently in the grand jury room.  There were
14   objections --
15              THE COURT:  Jury room.
16              MR. PISZCZATOWSKI:  I'm sorry.
17              THE COURT:  It's all right.
18              MR. PISZCZATOWSKI:  I do that all the time.  I'm
19   sorry, the jury room, Your Honor.
20              I think the Court understands the argument.  Very
21   simply, the indictment that was returned by the grand jury and
22   filed in the clerk's office and is a matter of public record in
23   this case and upon which the defendants were arraigned and
24   tried is an indictment that contains letters, certain names as
25   well, but letters referring to --
```

1         THE COURT: Trustee A, trustee B, that sort of
2    thing.
3         MR. PISZCZATOWSKI: Corp A, Corp B, Corp C.
4         THE COURT: Uh-huh.
5         MR. PISZCZATOWSKI: And that is the indictment. The
6    indictment is not the amended version that was presented to the
7    jury during the course of deliberations. We'd ask that the
8    original indictment, the indictment, the actual indictment
9    return, be returned and given to the jury for its
10   consideration. The Court's already ruled that. Ask that the
11   Court instruct the jury to, to the extent that it can, ignore
12   that -- they may not have even have looked at the indictment,
13   we don't know, and I'm not asking the Court for that kind of
14   inquiry, but just to ignore, not use any of that prior
15   indictment or reference in the course of deliberations, to
16   commence their deliberations anew with the indictment that is
17   before them that we're going to re-present to them, and to
18   continue their deliberations.
19        THE COURT: Okay. Ms. Davis.
20        MS. DAWKINS DAVIS: Your Honor, just so that we're
21   clear, the government did provide all defense counsel yesterday
22   with a copy of the indictment that we're presenting, tendering
23   to the Court and flagged for each defense counsel that, in
24   fact, it was the one that had each of the names in it.
25        THE COURT: I think Mr. Piszczatowski would

1  acknowledge, I don't think he saw it, but Mr. Rex saw it.
2              MR. PISZCZATOWSKI:  We're not disputing that, and
3  the government has some other things that Ms. Davis will put on
4  the record that I didn't, but, yes, we acknowledge that.
5              MS. DAWKINS DAVIS:  So with respect to the publicly
6  filed indictment, and we've shared this with Mr. Piszczatowski,
7  not with the other defense counsel, but both versions of the
8  indictment were presented to the grand jury, which is typically
9  the standard procedure that we use in the U.S. Attorney's
10 Office.  But for public filing, the version that had trustee A,
11 trustee B and those types of things in it, is what we use for
12 public filing.  So it isn't as though this is a version of the
13 indictment that was not presented to the grand jury.  This in
14 fact was presented to the grand jury.  The jury foreperson
15 signs off on a version that for purposes of public filing, and,
16 of course, you know, newspapers and media are going to find
17 those things, those names just are not in there, so there's not
18 a substantive difference in what the grand jury considered and
19 returned versus what the jurors have back there right now.
20             It's the government's position that, and the reason
21 that we presented that one for the jurors to determine is
22 because the point of giving them the indictment is to assist
23 them and make things less confusing, not more confusing.  If
24 they're given a version that has trustee A, trustee B, city
25 official A, and all of those kinds of things, that will inject

1    confusion into the deliberative process rather than clarifying
2    things.
3                THE COURT:  I -- yes?
4                MR. PISZCZATOWSKI:  Thank you, Your Honor, for
5    acknowledging my hand.
6                THE COURT:  Hand up.  Yes?
7                MR. PISZCZATOWSKI:  Just -- and I don't know if I
8    understood correctly what Ms. Davis said, but I just asked
9    Mr. Gardey.  The grand jury was presented -- and I have no
10   reason to dispute this either, the grand jury may have been
11   shown this other version, shall we say, but they did not sign
12   that other version.  They never returned that version.  The
13   only returned version is the one that we all had here until,
14   you know, we got this new version that we submitted to the jury
15   in this case.
16               THE COURT:  Okay.  Here's my question.  It seems to
17   me somewhat analogous to the Brutonized reading of the
18   transcript that we had before Mr. Stewart took the stand, that
19   is, it's one thing to take out the names so that the press
20   doesn't get them or so that, to avoid a Bruton issue or
21   whatever.  Once you have all of the names publicly disseminated
22   as they were in the course of the trial, I don't see what the
23   harm is in the jury having the names in the indictment, and I
24   tend to agree with Ms. Davis that it's a little confusing to go
25   back to company A, company B, and have to match up, you know,

1    like a puzzle.
2             MR. PISZCZATOWSKI:  Well, Mr. Cares argued --
3    Mr. Gardey argued it was a puzzle.
4             But anyway, the fact is this, the Court has the
5    right, the discretion, cases out there talk about it, it may
6    not be the favorite practice, or it may be the favorite
7    practice because you can always find a case that says whatever
8    you need to say, except for the defense.  But with respect to
9    the indictment, you obviously have the discretion to give it.
10   But we didn't give them the indictment.  You have the right to
11   give them the indictment, I agree.  I'm there.  At 4:00 in the
12   morning, that's what I realized.
13            And that is not the indictment.  They can't remake
14   that argument.  They could have done anything they wanted in
15   argument.  They could have said you're going to get a copy of
16   the indictment and you're going to get this, and company A is
17   this.  We have amended the indictment.  You are presenting that
18   as if that was the indictment that was returned in this case.
19   It is not, it was not.  The grand jury did not return that
20   indictment.
21            I'm just repeating myself.  But it's not about harm,
22   it's about what the law says.  We return -- they have a right
23   to consider the indictment.  That's not the indictment, Your
24   Honor.
25            THE COURT:  All right.  Anyone else wish to be heard

1  on this?
2              MR. HALL:  Just concurrence, Your Honor.
3              MR. LADASZ:  Just concurrence, Your Honor.
4              THE COURT:  Anything further, Ms. Davis?
5              MS. DAWKINS DAVIS:  Nothing further, Your Honor.
6              MR. PISZCZATOWSKI:  And it can be cured, it can be
7  cured right now.
8              THE COURT:  All right.  I'm going to swap out the
9  indictment for the original indictment and just tell them that
10 they'll have to make the substitutions that -- I think that's
11 the way to do it.  I think it's more confusing to them but it's
12 probably the safer way to go.
13             MS. DAWKINS DAVIS:  Your Honor, just for the record,
14 without acquiescence of the parties, the government agrees that
15 that -- there is a U.S. vs. Miceli(sp) case that talks about,
16 there's acquiescence of the parties, it's fine, but otherwise
17 it's probably best practice.
18             THE COURT:  All right.  Suzanne, do you mind just
19 knocking on the door and asking the jury to come in, please?
20             Do you have a copy?
21             MS. DAWKINS DAVIS:  I do.  They have not looked at
22 it yet.
23             (Jury in 10:29 a.m.)
24             THE COURT:  This is nothing too urgent, ladies and
25 gentlemen.  Be seated.

```
 1              Regarding the indictment you have, it has the names
 2  of trustees and companies in it.  The actual indictment that
 3  was returned by the grand jury, instead of having their
 4  specific names, has trustee A, trustee B, company A, company B,
 5  et cetera, and that's the one that we're going to swap and give
 6  to you.
 7              So to the extent that you were considering the
 8  indictment that you got, it was a mistake kind of all around.
 9  Nobody looked at it and realized that you would be given that
10  with the actual names in it.  No harm, no foul, just need to
11  swap and give you the original indictment.
12              So Mr. Foreperson, could you do that?
13              THE FOREPERSON:  Yes.  Is there anything materially
14  different?
15              THE COURT:  Only that the names --
16              THE FOREPERSON:  Only the names.
17              THE COURT:  Only the names.
18              THE FOREPERSON:  So the substance of what we've
19  reviewed --
20              THE COURT:  Exactly the same, exactly the same.
21  Okay.  If you could do that, that would be great, and the rest
22  of you may go back to the jury room.  Thank you.
23              (The foreperson left the courtroom and returned with
24              indictment.)
25              THE COURT:  Thank you.
                   12-CR-20030   U.S.A. vs. Beasley, et al
```

```
 1                (Jury out 10:30 a.m.)
 2                THE COURT:  Okay.
 3                MR. PISZCZATOWSKI:  Thank you, Your Honor, very
 4    much.
 5                MR. LADASZ:  Thank you, Judge.
 6                MR. JONES:  Judge, one thing, could I address?
 7                THE COURT:  Sure.
 8                MR. JONES:  Real simple, not a big one.  As you
 9    know, Mr. Zajac has had a crew of supporters throughout the
10    seven weeks appear in support for him at this trial.  We were
11    wondering that when the jury reached a verdict would you allow
12    some opportunity to give us advance notice so they could come
13    and see the verdict, 30, 40 minutes?
14                THE COURT:  I'll try to.  You know, it depends on
15    what time the verdict comes in.  If it's real late in the
16    afternoon, it's less possible than if it's earlier in the day,
17    but we'll do our best.
18                MR. JONES:  Okay.  Thank you, Judge.
19                THE COURT:  Okay.  Thank you.
20                (Recess taken 10:34 a.m.)
21                (Jury deliberations until 4:45 p.m.)
22
23
24
25
```

- - -

**C E R T I F I C A T I O N**

I, Suzanne Jacques, Official Court Reporter for the United States District Court, Eastern District of Michigan, Southern Division, hereby certify that the foregoing is a correct transcript of the proceedings in the above-entitled cause on the date set forth.

s:\_____

　Suzanne Jacques, RPR, RMR, CRR, FCRR
　Official Court Reporter
　Eastern District of Michigan

- - -