```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION




UNITED STATES OF AMERICA,

              Plaintiff,

                                      HONORABLE NANCY G. EDMUNDS
       v.
                                      No. 12-CR-20030
D-1 JEFFREY BEASLEY,
D-4 PAUL STEWART,
D-5 RONALD ZAJAC,

              Defendants.
_____/


                        JURY TRIAL - VOLUME 35

                 Detroit, Michigan - December 5, 2014

APPEARANCES:

Robert P. Cares
David A. Gardey
Stephanie Dawkins Davis
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9100
On behalf of Plaintiff

Walter J. Piszczatowski
Michael J. Rex
Hertz, Schram
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
248-335-5000
On behalf of D-1 Jeffrey Beasley

                                -  -  -

             Suzanne Jacques, Official Court Reporter
                email: jacques@transcriptorders.com
```

```
APPEARANCES(Continued):


Elliott S. Hall
400 Renaissance Center, 38th Floor
Detroit, MI 48243
313-568-6516
On behalf of D-4 Paul Stewart

Eric A. Ladasz
23936 Michigan Ave.
Dearborn, MI 48124
(313) 274-1890
On behalf of D-5 Ronald Zajac

David W. Jones
Allen Brothers
400 Monroe Street, Suite 220
Detroit, MI 48226
313-962-7777
Email: djones@allenbrotherspllc.com



        Proceedings recorded by mechanical stenography.
      Transcript produced by computer-aided transcription.

           Suzanne Jacques, Official Court Reporter
              email: jacques@transcriptorders.com

                          -   -   -
```

Jury Trial - Volume 35
Friday, December 5, 2014

I N D E X
- - -

| Proceeding | Page |
|---|---|
| Jury Deliberations | 4 |
| Certification of Reporter | 8 |

- - -

Defendant's Exhibits

| Number | Received | Vol. |
|---|---|---|
| 136 | 6 | 35 |

12-CR-20030   U.S.A. vs. Beasley, et al

1           Detroit, Michigan

2           Friday, December 5, 2014

3           1:38 p.m.

4                    -  -  -

5           THE COURT: Good afternoon. Be seated. Actually, I
6   think this is probably a pretty easy two questions, but I
7   wanted to consult with you before I responded.
8           It says, "Judge, on Count 5, does the dollar value
9   specified in the count have a relevance on the charge?"
10          That's the Las Vegas trip. I mean, I think the
11  answer to that is no, it's not jurisdictional, it's just an
12  estimate of what the government believes was spent.
13          MR. PISZCZATOWSKI: 47 grand, right?
14          THE COURT: 67.
15          And then the second part of the question is, "What
16  does the 'in or about April 2007' in Count 5 tie or limit the
17  timeframe to? I.e., there were several Mayfield trips in late
18  '06 to mid '07."
19          I mean, I think we can tell them that this is
20  referring to the Las Vegas trip.
21          MR. REX: Yeah.
22          MR. PISZCZATOWSKI: I think that's easy, yeah.
23          THE COURT: All right. Okay. Want to bring them
24  in, Carol?
25          MR. REX: Are you going to say the dollar value has

1  no relevance, or how are you going to say it?
2              THE COURT:  No, I'm going to say it's not
3  jurisdictional, that it's an estimate of what the government
4  believes was spent on that trip.  It's not an element of the
5  charge as some of the other dollar amounts are.
6              (Jury in 1:39 p.m.)
7              THE COURT:  Be seated.  Well, I know you guys are
8  working hard.  I think I have pretty straightforward answers to
9  your two questions.
10             With respect to the first part of the question, "On
11 Count Number 5, does the dollar value specified in the count
12 have a relevance on the charge?"  The answer is no, it's not
13 jurisdictional, it just an estimate of what the government
14 believes was spent on that particular trip, not an element of
15 the charge, the dollar amount.
16             And with respect to the second part, "What does the
17 'in or about April 2007' in Count 5 tie or limit the timeframe
18 to?"  I can advise you that Count 5 is specifically about the
19 Las Vegas trip.  Okay?
20             THE JUROR:  Okay.
21             THE COURT:  Thank you.
22             (Jury out 1:40 p.m.)
23             MR. LADASZ:  Your Honor, I do have one quick matter.
24             THE COURT:  Yes.
25             MR. LADASZ:  Two days ago, as Mr. Gardey and myself

1  were going through the exhibits, we had realized that it was
2  Defense Exhibit 136 was not formally received into evidence but
3  we had stipulated that it should have been.  We'd like to just
4  make a record that it would be received.  The jury does
5  actually have it.
6              THE COURT:  All right.  I'll officially receive it
7  into evidence.
8              (Defendants' Exhibit 136 received into evidence.)
9              MR. LADASZ:  Thank you, Judge.
10             MR. PISZCZATOWSKI:  Your Honor, can I just, with
11 respect to the -- you know, I don't know if the Court -- did we
12 have the indictment that they gave us back, Your Honor?  Do we
13 still have that?
14             THE COURT:  I think we probably do.
15             MR. PISZCZATOWSKI:  Can we just have that marked?  I
16 don't want to look at it.  Obviously, we can't, because it may
17 have markings.  But it may have some relevance on appeal if we
18 have to deal with appeal. So I just ask that it be preserved,
19 I guess.
20             THE COURT:  Yeah, we won't throw it out.  You'll get
21 everything back when the case is over one way or another.
22             THE CLERK:  You hold it for appeal time, all the
23 exhibits.
24             (Recess until 3:45 p.m.)
25                            *   *   *

                12-CR-20030   U.S.A. vs. Beasley, et al

1              (Attorneys were not present for the following.)

2              (Jury in 3:45 p.m.)

3              THE COURT:  Ladies and gentlemen, I understand that
4    you're exhausted, and I can understand that for sure.  It's
5    been a very long week, it's been a very long couple of months,
6    and I respect so much how hard you are working to reach a
7    consensus in this case.  It's very difficult.  I don't think
8    there's any job in the United States system of justice that is
9    more difficult than being a juror in a criminal case.  It's
10   really, really hard, and you've been working very hard at it,
11   and I just want to say that I really appreciate it.  I know the
12   lawyers really appreciate it, too.

13             By all means, go home, relax on the weekend, think
14   about what your fellow jurors have said, what your impressions
15   are.  Take a step back, take a deep breath, and, you know,
16   we'll see how things evolve on Monday.  That's fine.

17             I think it's always a good idea to take a break, to
18   take a rest.  The last really large criminal trial I had, when
19   the jury reached a verdict on a given day, they asked to have
20   the night to make sure that that was what they wanted to do,
21   and they came back and returned the verdict the next day.  I'm
22   not saying do that, I'm just saying, you know, a break is a
23   good idea.  It gives you time to think and to kind of sort
24   things out.

25             So I hope you have a good weekend.  Thank you for

1    your hard work in this.  Get some rest.  I'll try to get some
2    rest, too, and we'll see you on Monday.
3                ALL JURORS:  Thank you.
4                (Jury out 3:47 p.m.)
5                (Proceedings adjourned 3:47 p.m.)
6
7
8                             - - -
9                      **C E R T I F I C A T I O N**
10   I, Suzanne Jacques, Official Court Reporter for the United
11   States District Court, Eastern District of Michigan, Southern
12   Division, hereby certify that the foregoing is a correct
13   transcript of the proceedings in the above-entitled cause on the
14   date set forth.
15
16
17   s:_____
18      Suzanne Jacques, RPR, RMR, CRR, FCRR
        Official Court Reporter
19      Eastern District of Michigan
20
21                             - - -
22
23
24
25

                    12-CR-20030   U.S.A. vs. Beasley, et al